NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUSTIN M., *Appellant*,

*v.*

APRIL M., T.M., N.M., D.M., *Appellees*.

No. 1 CA-JV 16-0523
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No. JS518028
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

April M., Mesa
*Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1            Justin M. ("Father") appeals an order terminating his parental rights.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Father is the biological parent of T.M., N.M., and D.M. ("Children").  In 2010, Father married April M. ("Mother"), and soon after, they had two children, T.M. and N.M.  In 2013, Father was arrested for domestic violence after assaulting Mother.  Father was sentenced to one year incarceration for charges stemming from the event.  Following his release, Father and Mother had another child together, D.M.

¶3            In 2015, Father was convicted of burglary and sentenced to seven years' incarceration.  During Father's incarceration, he tested positive for drugs on multiple occasions.  Following Father's positive drug tests, Mother filed for divorce, which was finalized in September 2016.  Mother obtained sole legal decision-making authority regarding the Children and Father's parenting time with the Children was at Mother's discretion.

¶4            On June 1, 2016, Mother filed a petition to terminate Father's parental rights on several grounds, including the length of incarceration for a felony conviction that would deprive the Children of a normal home for a period of years.[1] Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(4) (2017).[2]

---

[1]      We need only address one of the statutory grounds for termination found by the superior court.  *See Kent K. v. Bobby M.*, 210 Ariz. 279, 282, ¶ 9 (2005) (only one statutory ground necessary to satisfy § 8-533).

[2]      Absent material revision after the relevant date, we cite a statute's current version.

**¶5**		After a contested termination hearing, the superior court found by clear and convincing evidence that Father's conviction and incarceration for seven years was a valid basis for termination, and found by a preponderance of the evidence that it was in the Children's best interests to terminate Father's parental rights. Father timely appealed the termination. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2017) and 8–235(A) (2017).

## DISCUSSION

**¶6**		The fundamental right to parent one's child is not absolute. *Kent K.*, at 284, ¶ 24. The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8–533,"and by a preponderance of the evidence that termination is in the best interest of the child. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49, ¶ 12 (2000). We review an order terminating parental rights for an abuse of discretion and will not reverse unless "there is no reasonable evidence to support" the order. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

		Father's parental rights were terminated pursuant to A.R.S. § 8-533(B)(4) because his term of imprisonment was of such length that the Children would be deprived of a normal home for a period of years. There is no "bright line" defining how long a sentence must be to deprive a child of a normal home for a "period of years," and each case must be determined based on its "particular facts." *Michael J.*, 196 Ariz. at 251, ¶ 29. The superior court may look to all relevant factors, including:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Id.* at 251-52, ¶ 29.

**¶7** Father was incarcerated in 2015, and the earliest date he could be released is December 2020. Because of Father's domestic violence and burglary convictions, he has been incarcerated for the majority of the Children's lives.

**¶8** Due to Father's continued drug use, the superior court found that Father was not willing to take steps necessary to maintain a healthy relationship with the Children. We defer to a trial court's findings because it is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings." *In re Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987). We find no error in the superior court's finding that clear and convincing evidence demonstrates a valid basis for termination under § 8-533(B)(4).

**¶9** The superior court also determined by a preponderance of the evidence that termination of Father's parental rights was in the Children's best interests. "[I]n a private proceeding to sever parental rights, just as in state-initiated proceedings, a juvenile court may conclude that a proposed adoption benefits the child and supports a finding that severance is in the child's best interests." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, ¶ 1 (2016). In considering a child's best interests, the superior court is tasked with balancing "the unfit parent's diluted interest against the independent and often adverse interests of the child in a safe and stable home life." *Id.* at 4, ¶ 15.

**¶10** The superior court found by a preponderance of the evidence that termination of Father's parental rights would benefit the Children by allowing Mother to care for the Children without Father's highly disruptive influence. We conclude that sufficient evidence supports the superior court's finding that termination of Father's parental rights is in the Children's best interests.

**CONCLUSION**

**¶11**　　　　For the foregoing reasons, we affirm the order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:　AA